J-S43040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WILLIAM H. MAYBERRY, JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACK SOMMERS, SUPERINTENDENT - | : | No. 255 WDA 2018 |
| SCI WAYMART | : | |

Appeal from the Order Entered February 6, 2018
In the Court of Common Pleas of Lawrence County Civil Division at
No(s): 11231 of 2017 C.A.

BEFORE: STABILE, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 14, 2018**

Appellant William H. Mayberry, Jr. appeals from the order dismissing his post-conviction petition for writ of *habeas corpus*. Appellant asserts that the trial court improperly considered the writ of *habeas corpus* to be a petition pursuant to the Post Conviction Relief Act[1] (PCRA). Appellant contends that the trial court lacked the authority to dismiss his writ of *habeas corpus* without a hearing, improperly dismissed the writ of *habeas corpus* prior to the deadline to respond to the notice of intent to dismiss, and erred in dismissing his motion to compel documents from the Lawrence County Sheriff. We affirm.

Based upon allegations that Appellant sexually assaulted his minor daughter from the time she was nine until she was thirteen, Appellant was

_____

[1] 42 Pa.C.S. §§ 9541-9546.

convicted by a jury of rape by forcible compulsion, rape of a person less than 13 years old, statutory sexual assault, aggravated indecent assault, incest, and corruption of minors.[2] The trial court sentenced Appellant to an aggregate sentence of 8½ to 17 years of incarceration, to be followed by a five-year period of probation.

Appellant filed a direct appeal, and this Court affirmed Appellant's judgment of sentence in a published opinion on August 22, 2007. *See Commonwealth v. W.H.M., Jr.*, 932 A.2d 155 (Pa. Super. 2007). Appellant filed a first *pro se* PCRA petition, docketed on January 2, 2008, in which he claimed that his trial counsel was ineffective. The PCRA court appointed counsel, held a hearing, and denied Appellant's first PCRA petition. Appellant filed an appeal. This Court affirmed the PCRA court's order denying the first PCRA petition. *See Commonwealth v. W.H.M.*, 15 A.3d 517 (Pa. Super. 2010) (unpublished mem.).

Appellant filed a second *pro se* PCRA petition, docketed on May 6, 2011, and new counsel was appointed. Appellant raised issues previously raised in his first PCRA petition, as well as a contention that his first PCRA counsel abandoned him. The trial court issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, but based upon *pro se* correspondence from Appellant, the PCRA court held a hearing to address timeliness and jurisdictional issues.

---

[2] 18 Pa.C.S. §§ 3121(a)(1), (c), 3122.1, 3125(a)(8), 4302, and 6301(a), respectively.

Appellant attempted to amend the second PCRA petition *pro se*, and, thereafter, counsel withdrew pursuant to **Turner**/**Finley**.[3]  On August 14, 2012, the PCRA court issued an order and opinion dismissing the second PCRA petition.   Following an appeal, this Court affirmed the order dismissing Appellant's second PCRA petition.  **See Commonwealth v. W.H.M., Jr.**, 81 A.3d 987 (Pa. Super. 2013).

Thereafter, Appellant filed a *pro se* petition for writ of *habeas corpus* in the United States District Court for the Western District of Pennsylvania, which was denied on January 7, 2016.  Appellant's appeal to the Court of Appeals for the Third Circuit was denied on June 24, 2016.  The Supreme Court of the United States denied Appellant's petition for writ of *certiorari* on April 17, 2017.

Appellant filed the petition for writ of *habeas corpus* that gives rise to this appeal on November 30, 2017.  In his petition, Appellant sought release from incarceration on the basis that his due process rights were violated when he was convicted without corroborating physical evidence and that all of his counsel were ineffective.  Pet. for Writ of *Habeas Corpus*, 11/30/17, at 5.  The PCRA court considered the petition for writ of *habeas corpus* to be a petition for collateral relief under the PCRA, Appellant's third.  **See** Op. and Order, 12/15/17, at 8.

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The PCRA court issued a notice of intent to dismiss the third PCRA petition pursuant to Pa.R.Crim.P. 907 and provided Appellant with twenty days to file a response. *Id.* at 10-11. Prior to the deadline, Appellant filed a motion for extension of time, which the PCRA court granted on January 5, 2018. The PCRA court ordered Appellant to file a response by February 28, 2018.

Appellant filed a motion to compel production of documents, which was docketed on February 2, 2018, in which he sought documents relating to the return of service of his petition for writ of *habeas corpus* from the Lawrence County Sheriff.

On February 6, 2018, prior to Appellant filing a response to the Rule 907 notice, the PCRA court issued an order dismissing the petition for writ of *habeas corpus* as an untimely third PCRA petition. Order, 2/6/18, at 1 (unpaginated). In the same order, the PCRA court denied Appellant's motion to compel production of documents. *Id.* at 2. Appellant filed a response to the Rule 907 notice dated February 23, 2018, which was docketed March 2, 2018.[4] The PCRA court acknowledged that it had received and considered Appellant's Rule 907 response in an order entered March 14, 2018.

_____

[4] We note that Appellant's response was not docketed until March 2, 2018, past the extension of time to respond by February 28, 2018. Nevertheless, the response was dated February 23, 2018, and the envelope the response was mailed in bore the date of February 27, 2018. If February 27, 2018, was the date Appellant placed the response with prison authorities for mailing, it was timely. *See Commonwealth v. Wilson*, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (stating that "[p]ursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing"). Instantly, we accept the date of February 27, 2018, as the date of filing of the response, making it timely.

Appellant filed a timely notice of appeal that was docketed on February 16, 2018, and a timely court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court complied with Pa.R.A.P. 1925(a).

Appellant raises the following questions for our review:

1. Does the [PCRA] court have the statutory authority to treat a properly filed and issued writ of *habeas corpus* as a post-conviction relief appeal?

2. Does the [PCRA] court have the statutory authority to dismiss entirely a properly filed and issued writ of *habeas corpus* without a hearing?

3. Does the [PCRA] court have the statutory authority to dismiss entirely a properly filed and issued writ of *habeas corpus* within twenty (20) days when the court granted a motion to extend time to respond and that time had not yet expired?

4. Did the [PCRA] court err[] in dismissing [Appellant's] motion to compel[] documents from the Lawrence County Sheriff, when Pa.R.Civ.P. 405(a)(2)(g) states otherwise?

Appellant's Brief at i.

In his first three issues, Appellant asserts that the PCRA court erred in treating his petition for writ of *habeas corpus* as an untimely PCRA petition and in dismissing his petition without permitting him to respond to the court's notice of intent to dismiss within the timeframe provided after his request for an extension of time was granted. Appellant asserts that the PCRA court

has ruled that [Appellant's] [w]rit of [*h*]*abeas* [*c*]*orpus* be treated as a PCRA, subject to the rules governing PCRA petitions. The [c]ourt was erroneous in [its] ruling, as any such action violates the Constitution of the Commonwealth of Pennsylvania by suspending the [w]rit, in violation of Article 1 § 14.

- 5 -

*Id.* at 24. Appellant also contends that the PCRA court "attempted to 'dismiss entirely' [his *habeas corpus* petition on] February 6, 2018[,] for failing to respond within twenty (20) days of the [c]ourt's December 15, 2017 order, when in fact, the [l]ower [c]ourt had 'granted' [his m]otion for [e]xtension of [t]ime to respond until February 28, 2018." *Id.* at 31.

Whether a petition should be regarded as a writ of *habeas corpus* or a PCRA petition is a question of law for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Montgomery***, 181 A.3d 359, 367 (Pa. Super. 2018) (*en banc*).

This Court has explained that the PCRA is intended to be the sole means of achieving post-conviction relief. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa. Super. 2013); ***see also*** 42 Pa.C.S. § 9542. The PCRA "encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. While "the common law writ of *habeas corpus* has not been eliminated," a petitioner who wishes to raise an issue that is cognizable under the PCRA must do so in a timely PCRA petition. ***Taylor***, 65 A.3d at 466 & n.3.

Our standard of review of the denial of a PCRA petition is well-settled. We "review[] the PCRA court's findings of fact to determine whether they are supported by the record, and review[] its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

- 6 -

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). Exceptions to the timeliness requirement exist, however, as set forth at 42 Pa.C.S. § 9545(b). The timeliness requirements of the PCRA are jurisdictional in nature, and, thus, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003). The petitioner bears "the burden of proving that an untimely petition fits within one of the three exceptions." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

The three statutory exceptions for a facially untimely petition under the PCRA consist of the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Upon receipt and review of a PCRA petition, if the trial court

- 7 -

> is satisfied . . . that there are no genuine issues concerning any material fact and that the [petitioner] is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). In a situation where a PCRA court evaluates a petitioner's 907 response after the court has entered an order dismissing the petitioner's PCRA petition, the relevant inquiry is whether the petitioner has been prejudiced by the court's failure to consider the response before entering the order. *See Commonwealth v. Feliciano*, 69 A.3d 1270, 1277 (Pa. Super. 2013) (upholding an order dismissing a PCRA petition without a hearing where the petitioner failed to show he was prejudiced by the court's failure to consider his Rule 907 response before entering the order dismissing the PCRA petition).

In this matter, the PCRA court considered Appellant's petition to be an untimely third PCRA petition. Through the writ of *habeas corpus*, Appellant attempts to raise issues regarding due process and the effectiveness of counsel, which are claims that are cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2). Thus, as a matter of law, the trial court correctly treated Appellant's petition as a PCRA petition. *See Montgomery*, 181 A.3d at 367; *Taylor*, 65 A.3d at 466 & n.3. Accordingly, because Appellant's petition was properly regarded as a PCRA petition, the trial court had the authority to dismiss it without a hearing. *See* Pa.R.Crim.P. 907(1).

As to the PCRA court dismissing the instant matter prior to the extended deadline to respond to the Rule 907 notice, we note that Appellant's petition was untimely and did not include any argument that his petition fits within one of the timeliness exceptions set forth in Section 9545(b)(1)(i)-(iii). Similarly, Appellant did not attempt to invoke a timeliness exception in his Rule 907 response. Thus, Appellant has not been prejudiced by the trial court's failure to consider his response to the Rule 907 notice until after dismissing Appellant's petition as untimely. *Cf. Feliciano*, 69 A.3d at 1277.

Instantly, Appellant's petition is untimely on its face, and Appellant does not attempt to invoke any timeliness exception that would provide this Court with jurisdiction to consider the merits of his claims.[5] *See Robinson*, 837

---

[5] This includes Appellant's final issue, regarding whether the trial court erred in dismissing petitioner's motion to compel documents from the Lawrence County Sheriff. *Cf.* Pa.R.Crim.P. 902(E)(1) ("[N]o discovery shall be permitted at any stage of [PCRA] proceedings, except upon leave of court after a showing of exceptional circumstances.").

Additionally, we note that in his appellate brief, Appellant raises two additional issues for the first time on appeal. Appellant asserts that his direct appeal counsel and first PCRA counsel each failed to file a petition for allowance of appeal in the Pennsylvania Supreme Court following this Court's decision to affirm Appellant's judgment of sentence and the denial of Appellant's first PCRA petition. *See* Appellant's Brief at 5, 15. In addition to raising these issues for the first time in his appellate brief, as with the other issues raised on appeal, Appellant failed to assert an exception under 42 Pa.C.S. § 9545(b)(1)(ii) because he did not establish (1) when he discovered that the petitions for allowance of appeal were not filed; (2) the exercise of due diligence; or (3) that he filed his petition within sixty days of the discovery. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1272 n.11, 1274 (Pa. 2007).

A.2d at 1161. Thus, the PCRA court properly dismissed Appellant's claims without a hearing. ***See Spotz***, 84 A.3d at 311.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/14/2018